Scott J. Ferrell, Bar No. 202091
Scott R. Hatch, Bar No. 241563
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:  (949) 717-3000
Fax: (949) 717-3100
sferrell@calljensen.com
shatch@calljensen.com

Attorneys for Defendant Real Mex Restaurants, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SKAFF,<br><br>Plaintiff,<br><br>vs.<br><br>REAL MEX RESTAURANTS, INC;<br>GENERAL GROWTH PROPERTIES,<br>INC. and DOES 1-25, Inclusive,<br><br>Defendants. | Case No.  C09-05518 JSW<br><br>**DEFENDANT REAL MEX RESTAURANTS, INC.'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br>[FED. R. CIV. P. 38(b)]<br><br>Complaint Filed:  November 20, 2009<br>Trial Date:        None Set |

Defendant Real Mex Restaurants, Inc. ("Defendant") answers the Complaint (the "Complaint") of plaintiff Richard Skaff ("Plaintiff") as follows:

1.     In response to paragraph 1 of the Complaint, Defendant is without knowledge or sufficient information to form a belief as to the truth that Plaintiff currently is "physically disabled," as defined by all applicable California and United States laws, and on that basis Defendant denies this allegation.

/ / /

2.    In response to paragraph 2 of the Complaint, Defendant admits that there is a Chevy's restaurant ("Restaurant") in the Stonestown Galleria shopping center, which is located on 20th Avenue in San Francisco, California.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the subject property or encountered barriers that interfered or denied full and equal access to the facilities owned and/or operated by Defendant, and on that basis, denies the remaining allegations in paragraph 2.

3.    In response to paragraph 3 of the Complaint, Defendant admits that this Court currently has jurisdiction pursuant to 28 U.S.C.§§ 1331.  Defendant also admits that Plaintiff may be authorized to make his claims under California Government Code §4450, *et. seq.*, Health & Safety Code §19955 and §19959, Title 24 California Code of Regulations; and California Civil Code §§54, 54.1, and 55.

4.    In response to paragraph 4 of the Complaint, Defendant admits venue is proper.

5.    In response to paragraph 5 of the Complaint, Defendant admits that this case should be assigned to San Francisco intradistrict.

6.    In response to paragraph 6 of the Complaint, Defendant admits that Real Mex Restaurants, Inc., operates or leases the Chevy's restaurant.  Defendant further admits that the Restaurant is a public accommodation or facility.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, denies the remaining allegations in paragraph 6.

7.    In response to paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

8.    In response to paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

1      9.    In response to paragraph 9 of the Complaint, Defendant is without

2  knowledge or information sufficient to form a belief as to the truth of the allegations,

3  and on that basis, denies those allegations.

4      10.    In response to paragraph 10 of the Complaint, Defendant states that

5  §19955 of the Health & Safety Code and Title 24 of the California Code of Regulations

6  speak for themselves.  Defendant is without knowledge or information sufficient to

7  form a belief as to the truth of the remaining allegations, and on that basis, denies the

8  remaining allegations in paragraph 10.

9      11.    In response to paragraph 11 of the Complaint, Defendant is without

10 knowledge or information sufficient to form a belief as to the truth of the allegations

11 that Plaintiff visited the Restaurant or encountered barriers that interfered or denied full

12 and equal access to the facilities owned and/or operated by Defendant, and on that basis,

13 denies these allegations.

14     12.    In response to paragraph 12 of the Complaint, Defendant is without

15 knowledge or information sufficient to form a belief as to the truth of the allegations

16 that Plaintiff visited the Restaurant or encountered barriers that interfered or denied full

17 and equal access to the facilities owned and/or operated by Defendant, and on that basis,

18 denies these allegations.

19     13.    In response to paragraph 13 of the Complaint, Defendant is without

20 knowledge or information sufficient to form a belief as to the truth of the allegations

21 that Plaintiff visited the Restaurant or encountered barriers that interfered or denied full

22 and equal access to the facilities owned and/or operated by Defendant, and on that basis,

23 denies these allegations.

24     14.    In response to paragraph 14 of the Complaint, Defendant is without

25 knowledge or information sufficient to form a belief as to the truth of the allegations

26 that Plaintiff visited the Restaurant or encountered barriers that interfered or denied full

27 and equal access to the facilities owned and/or operated by Defendant, and on that basis,

28 denies these allegations.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

REA02-23:593836_1:12-22-09                    - 3 -
DEFENDANT REAL MEX RESTAURANTS, INC.'S ANSWER TO COMPLAINT

15.   In response to paragraph 15 of the Complaint, Defendant denies each and every factual allegation contained in paragraph 15.

16.   In response to paragraph 16 of the Complaint, Defendant denies each and every factual allegation contained in paragraph 16.

17.   In response to paragraph 17 of the Complaint, Defendant denies each and every factual allegation contained in paragraph 17.

18.   In response to paragraph 18 of the Complaint, Defendant denies each and every factual allegation contained in paragraph 18.

19.   In response to paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff visited the Restaurant or encountered barriers that interfered or denied full and equal access to the facilities owned and/or operated by Defendant, and on that basis, denies these allegations.

20.   In response to paragraph 20 of the Complaint, Defendant incorporates the responses contained in paragraphs 1 through 19 of this Answer.

21.   In response to paragraph 21 of the Complaint, Defendant states that 42 USC §12101 speaks for itself.

22.   In response to paragraph 22 of the Complaint, Defendant states that 42 USC §12101(b) speaks for itself.

23.   In response to paragraph 23 of the Complaint, Defendant states that 42 USC §12181ff speaks for itself.

24.   In response to paragraph 24 of the Complaint, Defendant states that 42 USC §12182 speaks for itself.

25.   In response to paragraph 25 of the Complaint, Defendant denies each and every factual allegation contained in paragraph 25.

26.   In response to paragraph 26 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff visited the Restaurant or encountered barriers that interfered or denied full and

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

REA02-23:593836_1:12-22-09                                - 4 -
DEFENDANT REAL MEX RESTAURANTS, INC.'S ANSWER TO COMPLAINT

equal access to the facilities owned and/or operated by Defendant, and on that basis, denies this allegation.

27.   In response to paragraph 27 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff visited the Restaurant or encountered barriers that interfered or denied full and equal access to the facilities owned and/or operated by Defendant, and on that basis, denies these allegations.

28.   In response to paragraph 28 of the Complaint, Defendant denies each and every factual allegation contained in paragraph 28.

29.   In response to paragraph 29 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff visited the Restaurant or encountered barriers that interfered or denied full and equal access to the facilities owned and/or operated by Defendant, and on that basis, denies these allegations.

## FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, Defendant asserts that California's Title 24 does not apply to this answering Defendant because the facility was built and/or modified prior to the date that Title 24 was enacted.

## SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Defendant asserts that Plaintiff has acted with "unclean hands" and such actions are directly related to the claims by Plaintiff in the Complaint and precludes Plaintiff from pursuing the claims in the Complaint. Therefore, Plaintiff is barred from seeking relief by the Doctrine of Unclean Hands.

/ / /

/ / /

/ / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

REA02-23:593836_1:12-22-09

DEFENDANT REAL MEX RESTAURANTS, INC.'S ANSWER TO COMPLAINT

1

## THIRD AFFIRMATIVE DEFENSE

2          As a third affirmative defense, Defendant asserts that at all times mentioned in

3   the Complaint, the Plaintiff so carelessly, recklessly and negligently conducted and

4   maintained himself so as to cause and contribute in some way to the damages, if any,

5   alleged to have been sustained by Plaintiff.  Therefore, Plaintiff's recovery herein as to

6   any damage and injuries suffered by Plaintiff, if any, shall be diminished to the extent

7   that such injury or damages were proximately caused by the negligence or intentional

8   conduct of Plaintiff.

9

10

## FOURTH AFFIRMATIVE DEFENSE

11          As a fourth and separate affirmative defense to the Complaint filed herein, and to

12   each alleged cause of action set forth herein, this answering Defendant alleges that the

13   Complaint fails to state facts sufficient to constitute a cause of action as against

14   Defendant for the reason that the same appears to be barred by the applicable statute of

15   limitations.

16

17

## FIFTH AFFIRMATIVE DEFENSE

18          As a fifth and separate affirmative defense to the Complaint filed herein, and to

19   each alleged cause of action set forth therein, this answering Defendant alleges that the

20   Complaint fails to state facts sufficient to constitute a cause of action under any legal

21   theory.

22

23

## SIXTH AFFIRMATIVE DEFENSE

24          As a sixth and separate affirmative defense to the Complaint filed herein, and to

25   each alleged cause of action set forth therein, this answering Defendant alleges that in

26   the event this answering Defendant is found to be negligent (which supposition is

27   denied and merely stated for the purpose of this affirmative defense), this answering

28   Defendant's liability for non-economic damages is to be reduced to reflect its actual

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

REA02-23:593836_1:12-22-09                                   - 6 -

DEFENDANT REAL MEX RESTAURANTS, INC.'S ANSWER TO COMPLAINT

1  percentage of fault, and a separate judgment shall be rendered against the answering

2  Defendant for that amount.

3

4  ## SEVENTH AFFIRMATIVE DEFENSE

5  As a seventh and separate affirmative defense to the Complaint filed herein, and

6  to each alleged cause of action set forth therein, this answering Defendant alleges that

7  the damages, injuries or condition which form the basis for this lawsuit, may be the

8  result of a natural disease or condition, or may be the expected result of reasonable

9  treatment, and that the answering Defendant is not liable to plaintiff for such damages,

10  injuries or condition.

11

12  ## EIGHTH AFFIRMATIVE DEFENSE

13  As an eighth affirmative defense, the answering Defendant believes and based

14  upon such information and belief alleges that Plaintiff has failed to give any notice to

15  Defendant, prior to filing suit, that he considered Defendant's premises to be out of

16  compliance with State and Federal law.  Therefore, his Complaint is barred.

17

18  ## NINTH AFFIRMATIVE DEFENSE

19  As a ninth affirmative defense, the Complaint and each cause of action alleged

20  herein, fails to state facts sufficient to constitute a cause of action for Violations of the

21  Health and Safety Code, including, but not limited to §§ 19955, 19953, 19959 or

22  Government Code § 4450.

23

24  ## TENTH AFFIRMATIVE DEFENSE

25  As a tenth affirmative defense, this answering Defendant believes and based upon

26  such information alleges that Plaintiff is estopped from seeking the relief he requests

27  due to his own acts and/or omissions with reference to the subject matter of the

28  Complaint.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

REA02-23:593836_1:12-22-09                          - 7 -

DEFENDANT REAL MEX RESTAURANTS, INC.'S ANSWER TO COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, this answering Defendant believes and based upon such information and belief alleges that Plaintiff was not deterred from visiting Defendant's Restaurant.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action alleged herein, fails to state facts sufficient to constitute a cause of action for Violation of the Americans with Disabilities Act of 1990 (49 USC §12101, et seq.).

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action alleged herein, fails to state facts sufficient to constitute a cause of action for Violation of the California Civil Code, including, but not limited to §§51 and 54.

## FOURTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the modification of such barriers is not readily achievable.

## FIFTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because Defendant offered reasonable accommodations to Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are barred because to the extent architectural barriers alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose of this additional defense), the removal of such barriers is structurally impractical.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

REA02-23:593836_1:12-22-09                               - 8 -

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2   All of Plaintiff's claims are barred because to the extent architectural barriers

3   alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose

4   of this additional defense), the removal of such barriers is technically infeasible.

5

6

## EIGHTEENTH AFFIRMATIVE DEFENSE

7   All of Plaintiff's claims are barred because to the extent architectural barriers

8   alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose

9   of this additional defense), the removal of such barriers is virtually impossible.

10

11

## NINETEENTH AFFIRMATIVE DEFENSE

12   All of Plaintiff's claims are barred because to the extent architectural barriers

13   alleged by Plaintiff exist (which supposition is denied and merely stated for the purpose

14   of this additional defense), the removal of such barriers would result in an undue burden

15   on Defendant.

16

17

## TWENTIETH AFFIRMATIVE DEFENSE

18   All of Plaintiff's claims are barred because all architectural barriers alleged by

19   Plaintiff do not exist and/or fall within "conventional building industry tolerances" or

20   "dimensional tolerances."

21

22

## TWENTY-FIRST AFFIRMATIVE DEFENSE

23   All of Plaintiff's claims are barred because Defendant provided equivalent

24   facilitation at the premises.

25   / / /

26   / / /

27   / / /

28   / / /

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

REA02-23:593836_1:12-22-09

- 9 -

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2   All of Plaintiff's claims are barred because Defendant's compliance with state

3 and federal disabled access laws would constitute a direct threat to health and safety of

4 others.

5

## TWENTY-THIRD AFFIRMATIVE DEFENSE

6   All of Plaintiff's claims are barred because Plaintiff assumed the risk of visiting

7 Defendant's premises.

8

9

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

10   All of Plaintiff's claims are barred because any discrimination Plaintiff suffered

11 at Defendant's premises (which supposition is denied and merely stated for the purpose

12 of this additional defense) resulted from isolated or temporary (or both) interruptions in

13 the Restaurant's goods and services.

14

15

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

16   All of Plaintiff's claims are barred because Plaintiff failed to request reasonable

17 accommodations or modifications to Defendant's premises.

18

19

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

20   All of Plaintiff's claims are barred because they are unconstitutional.

21

22

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

23   All of Plaintiff's causes of action are barred because Plaintiff suffered no

24 damages as a result of the alleged conduct.

25

26

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

27   All of Plaintiff's causes of action are barred because Plaintiff lacks standing to

28 seek relief for any of his claims.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

DEFENDANT REAL MEX RESTAURANTS, INC.'S ANSWER TO COMPLAINT

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional, unknown or unstated affirmative defenses would be applicable.

WHEREFORE, this answering Defendant prays judgment as follows:

1. That Plaintiff take nothing by way of this Complaint;

2. That Judgment be rendered in favor of Defendant Real Mex Restaurants, Inc. against Plaintiff and that the Complaint be dismissed with prejudice;

3. That Defendant be awarded its costs of suit incurred in the defense of this action;

4. That Defendant be awarded its attorneys' fees of suit incurred in the defense of this action; and

5. For such other relief as the Court deems proper.

Dated: December 22, 2009

CALL, JENSEN & FERRELL
A Professional Corporation
Scott J. Ferrell
Scott R. Hatch

By: */s/ Scott R. Hatch*
SCOTT R. HATCH

Attorneys for Defendant Real Mex Restaurants, Inc.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

REA02-23:593836_1:12-22-09                                        - 11 -

DEFENDANT REAL MEX RESTAURANTS, INC.'S ANSWER TO COMPLAINT

1

## DEMAND FOR JURY

2

3       Defendant Real Mex Restaurants, Inc. hereby demands a jury pursuant to

4   FRCP 38(b) on all issues raised in the Complaint of Plaintiff Richard Skaff.

5

Dated:  December 22, 2009              CALL, JENSEN & FERRELL
6                                       A Professional Corporation
                                        Scott J. Ferrell
7                                       Scott R. Hatch

8

9                                       By: */s/ Scott R. Hatch*
                                            SCOTT R. HATCH
10
                                        Attorneys for Defendant Real Mex Restaurants,
11                                      Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

REA02-23:593836_1:12-22-09                    - 12 -
DEFENDANT REAL MEX RESTAURANTS, INC.'S ANSWER TO COMPLAINT